Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3045 | **DATE** | 11/20/2001 |
| **CASE TITLE** | Beeson, et al. vs. American Stores Properties, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 12/11/2001 at 9:45 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. ASPI's motion for judgment on the pleadings [7-1] is denied in its entirety for the reasons stated in the memorandum opinion and order. A declaratory judgment is entered in favor of the plaintiffs and against the defendant. The Court will retain jurisdiction to resolve all issues remaining in this lawsuit. Moreover, given the Court's rulings on ASPI's claims to possession of the Property and destruction of the improvements, the Beesons' motion to dismiss ASPI's counterclaim that it now presses in the state court is granted to the extent that we reissue our sixty- day stay in the Lake County action as of the date of this opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 21 2001 date docketed | 16 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 NOV 20 PM 7:00 | | |
| mm | courtroom deputy's initials | Date/time received in central Clerk's Office | NOV 21 2001 date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS BEESON and DONNA BEESON, Illinois citizens, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 01 C 3045 ) ) Judge Ruben Castillo |
| AMERICAN STORES PROPERTIES, INC., a Delaware corporation, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

NOV 21 2001

This lawsuit is the direct result of commercial disputes surrounding a complex lease relationship. For decades, the Beeson family has operated Beeson's Nursery. Beeson's Nursery occupies the southern portion of a five-acre property located at Waukegan and Half Day Roads, in unincorporated Lake County, Illinois ("Property"), which has been in the Beeson family for over fifty years. The Beeson family currently owns this Property.

Plaintiff/Counterdefendants Thomas and Donna Beeson ("Beesons") sued Defendant/Counterplaintiff American Stores Properties, Inc. ("ASPI") for breach of contract and specific performance of a 99-year lease ("Lease") of the Property. The Court has diversity jurisdiction over this case because the Beesons and ASPI are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. ASPI moves for judgment on the pleadings and argues that: (1) ASPI, the tenant on the Property, has the sole and exclusive right to annex the Property into the Village of Bannockburn, Illinois ("Bannockburn"), and that the Beesons, the owners of the Property, must cooperate by promptly executing all required documents; (2) ASPI has the right to possession of Pad A, as depicted in

16

the preliminary site plan ("Site Plan"), and that ASPI may develop the Property as per the Site Plan, subject only to those reasonable alterations required because of the use to which ASPI will put its building, the site configuration, and as required to comply with governmental requirements for annexation, zoning and permitting; (3) the Beesons' right to sublease Pad B has expired; and (4) ASPI has the immediate, unrestricted and unqualified right to destroy and remove any existing improvements on the Property. For the reasons set forth in this opinion, because the express terms of the Lease do not support ASPI's positions, its motion for judgment on the pleadings is denied. (R. 7-1.)

## RELEVANT FACTS

Thomas and Donna Beeson are Illinois citizens and owners of approximately five acres of property located on the northeast corner of Waukegan and Half Day Road adjacent to Bannockburn in unincorporated Lake County, Illinois. ASPI, a Delaware corporation with its principal place of business in Boise, Idaho, owns and operates Jewel-Osco Stores among other entities. On October 29, 1999, ASPI entered into a 99-year lease for the Property and a contemporaneous First Amendment to Lease with the Beesons.

The Lease provides, in relevant part, that:

1. **PREMISES.** In consideration of the mutual covenants herein contained, Landlord hereby leases to Tenant and Tenant hereby leases from Landlord . . . the land depicted on the Site Plan . . . located at the northeast corner of Waukegan Road and Highway 22, Bannockburn, Illinois, together with all easements, rights-of-way, rights, privileges, benefits and appurtenances now or hereafter belonging thereto or commonly enjoyed therewith (the "Premises").

2.3.2. **Landlord's Option to Sublease.** During the one-year holdover period . . . Landlord shall have the right to exercise an option to Sublease that portion of the Premises described as Pad B on the Site Plan in the approximate size of 75,000 sq. ft. If Landlord elects to Sublease, the lease shall contain the terms described in

2

Exhibit E hereto.

**8.1.1.** Landlord shall have the right to approve or review any site plan proposed by Tenant for initial development of the Premises. Landlord has approved the preliminary site plan . . . and the Parties reaffirm that:

    a.    Commercially reasonable efforts shall be made by Tenant to locate a bank, savings and loan or other similar financial institution on the most southerly pad fronting Route 22 of the Premises, which has a building size of 5,000 sq. ft. . . .

    b.    The pad closest to the northerly property line shall be initially used, if at all for an Osco drug store; and

    c.    Beeson's Nursery shall be located between the proposed 5,000 sq. ft. pad on Route 22 and south of the Osco drug store pad . . . if Landlord exercises its right to lease such space.

**8.1.2.** Landlord has provided Tenant with architectural drawings regarding the conceptual style and construction to which it requires Tenant to conform in its development of the Premises, subject to all changes required to secure governmental approval and permitting of the Premises. Tenant has agreed to conform its concept and development to such architectural drawings and standards, subject to those reasonable alterations required because of the use to which it will put its buildings, the site configuration of the proposed bank building and as required to comply with governmental requirements for annexation, zoning and permitting. Tenant will use all reasonable efforts to adopt the Landlord's concepts.

**9.**     **ALTERATIONS.** Tenant may, at any time and at Tenant's expense, construct improvements and make such structural and non-structural alterations, additions and changes in and to the improvements from time to time located on the Premises as Tenant deems advisable. All such work shall be done in accordance with all applicable Laws. Landlord shall cooperate by promptly signing and returning any documents required by governmental authorities in connection therewith.

(R. 1-1, Compl., Ex.1, Lease *passim*.) Exhibit E to the Lease provides, in relevant part, that:

Should the Landlord elect to lease Pad B it must do so within one year of the date of the Closing and:

1.    Notify Tenant in writing of its election to lease Pad B and . . .

2.    Within ninety (90) days of Landlord's . . . election to lease . . . it will

3

      execute a lease with the following material terms:

    . . . .

  b.  The annual net rental payment should the Landlord lease . . . shall be calculated by taking the sum of Eight Hundred Thousand Dollars ($800,000.00) plus a pro rata portion of the cost of its improvements . . . including, but not limited to such other "soft" costs as annexation and zoning expenses . . . .

If Landlord elects to lease, it may additionally holdover until the new facilities are open, but in no event may it interfere with the Tenant's development work.

(*Id.*, Lease at Ex. E.) Finally, the First Amendment to Lease provides, in relevant part, that:

 8.  The following shall be inserted as Section 8.6 of the Lease:

  (b) If Landlord elects to sublease Pad B for the remaining period of the Original Term of the Lease then it shall: (a) notify Tenant in writing of its election to sublease Pad B for such term and within ninety (90) days thereof meet with Tenant to negotiate a mutually acceptable sublease. The date of closing of the sublease shall be not later than eighteen (18) months of the date hereof . . . .

(*Id.*, First Amend. to Lease.)

On April 27, 2001, the Beesons sued ASPI under the Lease for breach of contract, specific performance and declaratory judgment. (R. 1-1, Compl. at 4-7.) Currently before the Court is ASPI's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (R. 7-1.) Specifically, ASPI argues that judgment on the pleadings is proper because it will determine that: (1) ASPI has the exclusive right to annex the Property into Bannockburn, and that the Beesons must cooperate by executing all required documents; (2) ASPI has the right to possession and development of Pad A, as depicted in the Site Plan, subject only to those reasonable alterations required because of the use to which ASPI will put its building and for compliance with various governmental requirements; (3) the Beesons' right to

sublease Pad B has expired; and (4) ASPI has the unqualified right to remove any existing improvements on the Property. (R. 7-2, Def.'s Mem. in Supp. of Mot. for J. on the Pleadings.)

## LEGAL STANDARDS

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standards as a motion to dismiss under Rule 12(b) and is only appropriate when the defendant clearly establishes that the plaintiff cannot prove any set of facts that would support the claim for relief, and that there are no material issues of fact to be resolved. *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). In considering such a motion, the Court must accept as true all facts alleged by the plaintiff, must draw all reasonable inferences from the pleadings in the plaintiff's favor, *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1019 (7th Cir. 1992), and is not bound to accept the defendant's legal characterization of the facts, *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992). Moreover, "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). *See also United States v. Wood*, 925 F.2d 1580, 1581-82 (7th Cir. 1991) (citations omitted).

## ANALYSIS

The resolution of ASPI's motion for judgment on the pleadings lies in the Court's interpretation of the relevant provisions of the Lease.[1] Interpretation of a lease is a question of law to be determined by the reviewing court. *NutraSweet Co. v. Am. Nat'l Bank and Trust Co.*, 635 N.E.2d 440, 444 (1994). The rules for construing a lease are the same as those for

---

[1] As jurisdiction in this case is founded on diversity, we apply state substantive law and federal procedural rules. *Erie R.R. v. Tompkins*, 304 U.S. 64, 77-80 (1938). The parties agree that Illinois substantive law applies and we concur.

5

construing a contract. *Design Studio Int'l, Inc. v. Chi. Title & Trust Co.*, 541 N.E.2d 1166, 1169 (1989). The primary function of a court in construing a lease is to give effect to the intention of the parties as expressed in the lease. *Midland Mgmt. Co. v. Helgason*, 630 N.E.2d 836, 839 (1994). Where the language used is definite and precise, the lease speaks for itself and there is no need for interpretation. *NutraSweet*, 635 N.E.2d at 444. Where there is any doubt as to the meaning of a lease, it should be construed most strongly against the lessor and in favor of the lessee. *Id.* at 445. We now proceed to address each of ASPI's arguments regarding the Lease.

## I. Whether ASPI Has the Exclusive Right to Annex the Property into Bannockburn

ASPI argues that the Lease and the First Amendment to Lease provide ASPI with the right to annex the Property into Bannockburn. Specifically, ASPI cites § 1 of the Lease which provides that the Beesons agreed to lease the Property to ASPI "together with all easements, rights-of-way, rights, privileges, benefits and appurtenances now or hereafter belonging thereto or commonly enjoyed therewith." (R. 1-1, Compl., Ex.1, Lease § 1.) In addition, ASPI mentions two provisions in the Lease which reference annexation: (1) Section 8.1.2 of the Lease provides that in developing the Property, ASPI may make "reasonable alterations" to the Beesons' architectural drawings and standards to take into account "the use to which it will put its building, the site configuration of the proposed bank building and as required to comply with *governmental requirements for annexation*, zoning and permitting," (R. 1-1, Compl., Ex.1, Lease § 8.1.2 (emphasis added)); and (2) Exhibit E to the Lease sets forth terms of the Beesons' option to sublease including the requirement that the Beesons' pay a pro rata share of Property improvement costs, "including, but not limited to such other 'soft' costs as *annexation and zoning expenses*, times nine percent (9%)," (*id.*, Lease at Ex. E. (emphasis added)). Finally,

ASPI cites § 9 of the Lease which provides that ASPI may "construct improvements and make such structural and non-structural alterations, additions and changes in and to the improvements," that "[a]ll such work shall be done in accordance with all applicable laws" and that the Beesons "shall cooperate by promptly signing and returning any documents required by governmental authorities in connection therewith." (*Id.*, Lease § 9.) ASPI claims that the only reasonable interpretation of these provisions of the Lease is that ASPI has the right to annex the Property into Bannockburn.

The Court's reading of the above provisions is that the Lease does not convey to ASPI the right to annex the Property into Bannockburn. The general conveyance of rights to ASPI in § 1 does not include the right to annexation because, where the Lease specifically mentions annexation, it is clear that the parties never agreed to *voluntary* annexation; only to *governmental requirements* for annexation. Moreover, Exhibit E to the Lease solely concerns the Beesons' rent under a sublease agreement and nothing in it requires the Beesons to petition Bannockburn for annexation. Therefore, we find that the Beesons do not need to "cooperate by promptly signing and returning any documents" relating to ASPI's proposed annexation,[2] and we conclude that judgment on the pleadings is not appropriate on the issue of whether ASPI has the right to annex the Property into Bannockburn.[3]

---

[2] Because the Court holds that ASPI does not have the right, under the express terms of the Lease, to compel the Beesons to petition for annexation, there is no need for us to determine, at this time, whether the Beesons are entitled to any economic incentives relating to annexation.

[3] The parties offer numerous arguments, supported by disparate interpretations of Illinois case law, regarding their respective rights as "developers," "landlords," "equitable and constitutional owners" and "owners of record." The Court will not address these arguments or the Beesons' estoppel claim in the instant motion because the explicit language of the Lease is definitive on annexation.

## II. Whether the Beesons have the Right to Review ASPI's Site Plans

The Lease provides that the Beesons have the right to "approve or review *any site plan* proposed by [ASPI] for *initial development*" of the Property. (R. 1-1, Compl., Ex.1, Lease § 8.1.1 (emphasis added).) ASPI argues that because the Beesons reviewed and approved the preliminary Site Plan, they have no authority to withhold approval of any subsequent plan in substantial conformity with the Site Plan.[4] We disagree. The Lease "speaks for itself and there is no need for interpretation." *See NutraSweet*, 635 N.E.2d at 444. Under the express terms of the Lease, the Beesons have the right to review and approve *any* site plan, not just the *preliminary* site plan that they have already approved.[5] Moreover, we note that any future site plans should be consistent with § 8.1.1(a-c) of the Lease,[6] unless the parties negotiate otherwise. Therefore, ASPI's motion is denied as to this issue.

## III. Whether the Beesons' Right to Sublease Pad B has Expired

Under the Lease, the Beesons have a right to sublease Pad B, a 75,000 square foot portion

---

[4] ASPI also maintains that the only "concepts" of the Beesons' which ASPI agreed to reasonably adopt are those depicted in the conceptual drawing attached to the Beesons' Complaint as Exhibit 2. (*See* R. 1-1, Compl., Ex. 2.) ASPI acknowledges, however, that it has made alterations to the Beesons' concepts in its elevations and that "questions regarding the reasonableness of ASPI's alterations may be issues of fact." (R. 7-2, Def.'s Mem. in Supp. of Mot. for J. on the Pleadings at 11.) Thus, while we agree with ASPI that the only concepts which ASPI must reasonably adopt in its elevations are those depicted in Exhibit 2 of the Complaint, we conclude that the question of whether ASPI may proceed with its current design cannot be resolved on the pleadings. *See N. Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d at 452.

[5] The explicit language of the Lease distinguishes the instant case from the cases cited in ASPI's Reply Brief. (*See* R. 10-1, Def.'s Reply at 13.)

[6] The Court has thoroughly examined the Beesons' 14½ -acre site plan, and we conclude that it does not substantially conform with § 8.1.1(a-c) of the Lease or the approved preliminary Site Plan.

8

of the Property, for the 99-year term of the Lease. ASPI argues that the Beesons' right to sublease Pad B has expired, that they have no right to remain in any structures on the Property and that they are not entitled to remain in possession of the Property without an executed sublease.[7] We disagree. ASPI admits that the Beesons timely exercised their right to sublease. (R. 3-1, Answer to Compl. and Countercl. ¶ 8.) At issue here is the failure of the parties "to negotiate a mutually acceptable sublease" within ninety days of the Beesons' election to sublease, and their failure to close no later than eighteen months after the date of the Lease or March 29, 2001. (R. 1-1, Compl., Ex.1, First Amend. to Lease § 8(b).) The reason for the parties' failure to negotiate a mutually acceptable sublease is a subject of the Beesons' Complaint. As such, ASPI's argument that the Court should award judgment on the pleadings because the parties have failed to negotiate a sublease is unavailing. We conclude that judgment on the pleadings is not appropriate on the sublease issue.

---

[7] ASPI also contends that it has the right to possession of Pad A and that the issue of whether it has the unqualified right to destroy and remove any existing improvements on the Property "is separate and distinct from whether the Beesons may remain" on Pad A. (R. 10-1, Def.'s Reply at 6.) We disagree. This Court's holding that the Beesons timely exercised their right to sublet bars ASPI's claims, because the Beesons may "holdover until the new facilities are open" on Pad B. (*See* R. 1-1, Compl., Lease at Ex. E.) While we continue to urge the parties to execute a mutually acceptable sublease, we will not allow ASPI to threaten the Beesons with demolition in order to force them to abandon possession of Pad A before a sublease is executed. Furthermore, material issues of fact remain as to the location of the improvements in relation to ASPI's development work, such that judgment on the pleadings is not appropriate here.

9

## CONCLUSION

For the foregoing reasons, ASPI's motion for judgment on the pleadings is denied in its entirety. (R. 7-1.) The express terms of the Lease clearly favor the Beesons' positions and compel this Court to reject ASPI's arguments at this time.

Both parties sought a declaratory judgment which is contained herein. Therefore, judgment is entered in Plaintiffs' favor and against Defendant. The Court will retain jurisdiction to resolve all issues remaining in this lawsuit. Moreover, given the Court's rulings on ASPI's claims to possession of the Property and destruction of the improvements, *see supra* note 7, the Beesons' motion to dismiss ASPI's counterclaim that it now presses in the state court is granted to the extent that we reissue our sixty-day stay in the Lake County action as of the date of this opinion. (R. __, Pls.' Mot. to Dismiss ASPI's Countercl.)

A status hearing will be held on December 11, 2001 at 9:45 a.m.

ENTERED:

Judge Ruben Castillo
United States District Court

Dated: November 20, 2001

10